**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3559-19

KELLY A. BUSKEY,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION AND
ANNUITY FUND,

     Respondent-Respondent.

_____

     Argued November 9, 2021 – Decided November 22, 2021

     Before Judges Mawla and Mitterhoff.

     On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Department of the Treasury.

     Jason E. Sokolowski argued the cause for appellant (Zazzali, Fagella, Nowak, Kleinbaum & Friedman, PC, attorneys; Jason E. Sokolowski, of counsel and on the briefs).

     Jeffrey Padgett, Deputy Attorney General, argued the cause for respondent (Andrew J. Bruck, Acting Attorney General, attorney; Melissa H. Raksa,

Assistant Attorney General, of counsel; Jeffrey Padgett, on the brief).

PER CURIAM

Petitioner Kelly A. Buskey appeals from an April 6, 2020 final administrative determination of respondent Board of Trustees (Board) of the Teachers' Pension and Annuity Fund (TPAF) denying her request to extend her Tier 2 TPAF membership. We affirm.

This case concerns the interpretation of two statutes governing TPAF membership. N.J.S.A. 18A:66-7(a) provides: "Membership of any person shall cease . . . if, except as provided in [N.J.S.A.] 18A:66-8, he [or she] shall discontinue his [or her] service for more than two consecutive years[.]" N.J.S.A. 18A:66-8(a)(1) to (2) states: "If a teacher . . . has been discontinued from service without personal fault . . . the teacher's membership may continue . . . if the member returns to service within a period of [ten] years from the date of discontinuance from service."

On September 1, 2009, Buskey enrolled in TPAF through her employment with the South Brunswick Board of Education. On September 1, 2013, she transferred to a TPAF-eligible, non-tenured teaching position with the Plumsted Township Board of Education, where she remained until June 30, 2017.

Plumsted did not renew Buskey's contract for the 2017-18 school year, and opted not to review five other employees' contracts as well.

On March 5, 2019, the Division of Pensions and Benefits (Division) notified Buskey in writing her TPAF account was scheduled to expire on June 30, 2019, because she had not made contributions to the account in two years. On March 18, 2019, TPAF received a certification form from Plumsted, which identified Buskey's status as "[l]aid off[,]" and "[o]ther." As an explanation for the "other" sections, Plumsted wrote "[non]-renewed." Plumsted later amended the certification, removing the marking for the "[o]ther" category and "[n]on-renewed" to "[l]aid off" above which it wrote "[b]udget cut." The Division never received the amended certification.

Buskey subsequently began working for the Shrewsbury Borough Board of Education and continued her TPAF membership. On August 27, 2019, the Division informed Shrewsbury it could not transfer Buskey's Tier 2 TPAF contributions because her account had expired, and that Buskey should instead enroll as a new TPAF member. Effective September 1, 2019, Buskey enrolled in a new Tier 5 TPAF membership account.

Buskey contacted the Division asserting her account should not have expired because her employment was terminated due to a reduction in force.

A-3559-19

The Division responded by letter informing her it "does not grant an extension beyond the two years of inactivity for members who were terminated due to their contract not being renewed. Therefore, your account has expired on June 30, 2019."

Buskey contacted the Division again and argued her membership in the Tier 2 TPAF account should continue for up to ten years because she was laid off from her teaching position for budgetary reasons, not for performance-related issues. She claimed she was entitled to a statutory exemption from expiration of membership because she returned to active service within the ten-year period.

The Division denied Buskey's request, citing N.J.S.A. 18A:66-7 and N.J.S.A. 18A:66-8. It noted there was no evidence indicating Buskey was laid off to "qualify for the statutory exemption of expiration of membership beyond two years." Buskey appealed. The TPAF Board affirmed and Buskey requested a hearing in the Office of Administrative Law (OAL).

On April 6, 2020, the Board issued a final administrative determination affirming denial of Buskey's request to extend the expiration date of her TPAF account. The Board cited N.J.S.A. 18A:66-7 and denied a transfer to the OAL because "there are no factual issues to be adduced at a hearing . . . ."

4

The Board also concluded the N.J.S.A. 18A:66-8 exemption did not apply to Buskey because "[t]he non[-]renewal of a non[-]tenured teacher's annual contract does not constitute a reduction in number or a discontinuance of service, which both pertain to tenured teachers." The Board cited the Supreme Court, which stated: "The practice of offering separate, annual employment contracts to non[-]tenured school employees is long-standing" and non-tenured school employees "have no right to the renewal of their individual contracts . . . ." Pascack Valley Reg'l High Sch. Bd. of Educ. v. Pascack Valley Reg'l Support Staff Ass'n, 192 N.J. 489, 497, 491 (2007). The Board also noted it "is a management prerogative [to have] the right not to renew the contracts of non[-]tenured teachers." Bd. of Educ., Twp. of Wyckoff v. Wyckoff Educ. Ass'n, 168 N.J. Super. 497, 501 (App. Div. 1979). As a result,

> [t]he Board determined that the circumstances which resulted in non-renewal of . . . Buskey's contract with Plumsted . . . were not a lay[]off which would qualify for the statutory exemption of expiration of membership beyond two years. Instead, . . . Buskey's annual contract was not renewed[,] and her employment ended on June 30, 2017.

I.

Our "review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re

A-3559-19

Herrmann, 192 N.J. 19, 27 (2007)). We defer "to an administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (citing City of Newark v. Nat. Res. Council, Dep't of Env't Prot., 82 N.J. 530, 539 (1980)). "[A]n appellate court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). We are "in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue." Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 158 (2018) (alteration in original) (quoting Dep't of Child. & Fams., Div. of Youth & Fam. Servs. v. T.B., 207 N.J. 294, 302 (2011)); see also State v. S.B., 230 N.J. 62, 67 (2017) (stating statutory interpretation issues are reviewed de novo).

## II.

On appeal, Buskey acknowledges N.J.S.A. 18A:66-7 terminates TPAF membership if the member is inactive for more than two years. However, she argues she was entitled to the exemption in N.J.S.A. 18A:66-8(a)(1) to (2) because a non-renewal is encompassed by the "without personal fault" grounds

envisioned by the statute. She argues the cases the Board cited are inapposite and do not stand for the proposition that N.J.S.A. 18A:66-8 applies only to tenured teachers. We are unpersuaded.

N.J.S.A. 18A:27-4.1(b) states: "A board of education shall renew the employment contract of a certificated or non-certificated . . . employee only upon the recommendation of the chief school administrator" and "[a] non[-]tenured . . . employee who is not recommended for renewal by the chief school administrator shall be deemed non[-]renewed." Accordingly, in Pascack Valley, the Court held non-tenured employees "have no right to renewal of the[ir] [employment] contracts." 192 N.J. at 492. "These employees are then considered 'non[-]renewed' rather than terminated or dismissed." Id. at 493 (citing N.J.S.A. 18A:27-4.1(b)). To underscore the point, the Court distinguished between employees who are terminated and those whose contracts are simply not renewed. See id. at 492-93. This mirrored the Court's findings in other cases that the term "layoff" "connotes involuntary dismissal during the term of a contract, and is not applicable to the non[-]renewal of a particular employee's appointment at the end of a fixed term." Camden Bd. of Educ. v. Alexander, 181 N.J. 187, 200 (2004) (superseded on other grounds by N.J.S.A. 34:13A-5.3).

A-3559-19

Although these Supreme Court cases did not concern the application of N.J.S.A. 18A:66-8(a)(1) to (2), we draw on precedent interpreting similar language in other state pension systems. In Cologna v. Board of Trustees, Police and Firemen's Retirement System, 430 N.J. Super. 362 (App. Div. 2013), we interpreted N.J.S.A. 43:16A-3(5), a provision of the Police and Firemen's Retirement System (PFRS), which states:

> If a member . . . has been discontinued from service
> through no fault of [their] own . . . [their] membership
> may continue, notwithstanding any provision of this
> article if such member returns to service within a period
> of [five] years from the date of [their] discontinuance
> from service.

Although the plaintiff voluntarily resigned from his job, we concluded that N.J.S.A. 43:16A-3(5) was "confined to only members who lose their public employment as the result of an employer's layoff or reduction in force, or through leave of absence in accordance with the statute." Id. at 364. We found "the phrase 'has been discontinued' is written in the passive voice. As such, it connotes a situation in which an employer . . . took action against an employee by discontinuing his services." Id. at 372. Furthermore, we held "the passive term 'has been discontinued' . . . signifies that the employee in question, as the recipient of the action, has been terminated from his [or her] job as a result of the employer's own actions." Ibid. (quoting N.J.S.A. 43:16A-3(5)).

8

Accordingly, because the plaintiff resigned voluntarily and not as a result of his former employer's actions, he was not discontinued from service within the meaning of N.J.S.A. 43:16A-3(5). See ibid.

Here, Buskey was not terminated, dismissed, or otherwise laid off as envisioned by N.J.S.A. 18A:66-8. Rather, her contract expired and was not renewed. Buskey relied on the "without personal fault" language in the statute, disregarding the preceding language requiring the employee to "ha[ve] been discontinued from service . . . ." See N.J.S.A. 18A:66-8(a)(1). Notwithstanding the fault issue, the statutory extension did not apply to Buskey because she had no right to continued employment after the expiration of her contract. See Pascack Valley, 192 N.J. at 492.

Finally, we reject Buskey's assertion the Board was required to refer the matter to the OAL for factfinding. The central issue was whether the statutory exemption applies to non-tenured teachers. As a matter of law, it does not. Therefore, a factfinding hearing was not required. See N.J.A.C. 17:3-1.7(a)(4).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3559-19